1
2
3   **UNITED STATES DISTRICT COURT**
4   **NORTHERN DISTRICT OF CALIFORNIA**
5   **SAN JOSE DIVISION**
6
7   NEXT PETROLEUM LLC,                    Case No. 24-cv-06904-BLF
8                Plaintiff,
9         v.                               **ORDER TO SHOW CAUSE AS TO WHY ACTION SHOULD NOT BE REMANDED**
10  STEVEN RAMIREZ, et al.,
11               Defendants.

The Court issues this Order *sua sponte* to address concerns regarding the apparent lack of subject matter jurisdiction. Plaintiff Next Petroleum LLC ("Plaintiff") initiated this unlawful detainer action against defendants Steven Ramirez and Titans Auto Detailing LLC (collectively, "Defendants") in the Superior Court of California, County of Santa Clara. ECF 1. Defendant Steven Ramirez ("Ramirez") removed the action to this Court. *Id.* Ramirez invokes federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* The Court ORDERS the parties to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Here, Ramirez bases removal on diversity jurisdiction. ECF 1 at Pages 2-3. "Absent unusual

circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's state citizenship is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* The notice of removal and the attached unlawful detainer complaint in this action fail to show that Plaintiff and Defendants are citizens of different states. If Ramirez contends that the Court has diversity jurisdiction over this action, he must properly identify the citizenship of Plaintiff and Defendants. The Court notes that in the Complaint Plaintiff Next Petroleum LLC identifies itself as a California limited liability company (ECF 1 at Page 7) and Defendant Steven Ramirez lists his address as 1025 South Winchester Blvd., San Jose, CA 95128 (ECF 1 at Page 1). Additionally, Ramirez must show that the amount in controversy exceeds $75,000.

Accordingly, the Court orders the parties to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction. The parties SHALL show cause in writing by October 22, 2024.

**IT IS SO ORDERED.**

Dated: October 8, 2024

BETH LABSON FREEMAN
United States District Judge