UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEXT PETROLEUM LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>STEVEN RAMIREZ, et al.,<br><br>   Defendants. | Case No. 24-cv-06904-BLF<br><br>**ORDER REMANDING CASE**<br>[Re: ECF No. 8] |

Defendant Steven Ramirez removed this unlawful detainer case from state court. ECF 1. On October 8, 2024, the Court issued an order directing parties to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. ECF 8. On October 22, 2024, the parties filed responses to the order to show cause. ECF 10, 11. Having reviewed the pleadings in this matter and the papers submitted by parties, the Court REMANDS for lack of subject matter jurisdiction.

**I. BACKGROUND**

This background and the Court's analysis are based on the allegations in the original complaint filed in the Superior Court of California, County of Santa Clara because the propriety of removal is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Plaintiff Next Petroleum LLC ("Plaintiff") initiated this unlawful detainer action against defendants Steven Ramirez and Titans Auto Detailing LLC (collectively, "Defendants") in the Superior Court of California, County of Santa Clara on June 14, 2024. ECF 1 at Page 7. In the

Complaint, Plaintiff lists itself as a California Limited Liability Company. *Id*. The Complaint alleges that the Defendants are in possession of the premises located at 1025 S. Winchester Blvd., San Jose, CA 95128. *Id.*

On October 2, 2024, Defendant Steven Ramirez ("Ramirez") removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* In the Notice of Removal, Ramirez lists his address as 1025 South Winchester Blvd, San Jose CA 95128. *Id.* at Page 1.

In response to the Court's order to show cause why the case should not be remanded, Ramirez admits that he "resides in California," but states that "his permanent domicile will be in Nevada" because "he is in the process of moving his business and personal residence to Nevada" and "he intends to permanently reside [there]." ECF 10 at 2. Ramirez does not state the citizenship of his co-defendant, Titans Auto Detailing LLC ("Titans Auto"). *See id.* Ramirez also states that the "claims, in aggregate, likely surpass the jurisdiction threshold" of $75,000, but fails to provide any evidence to support his statement. *Id.* at 3. Ramirez also states that he raised counterclaims under federal law—the Fair Housing Act, 42 U.S.C. § 3601, et seq., and Title VI of the Civil Rights Act, 42, U.S.C. §2000d, et seq. *See id.* at 3-4. Plaintiff argues that this Court does not have jurisdiction because there is no federal question jurisdiction or diversity jurisdiction. ECF 11.

## II.   LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have originally had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). The party seeking removal has the burden of proof to show removal is necessary. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "The

removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The propriety of removal is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

**III.   DISCUSSION**

The Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a removed action. *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) (noting that a district court has power to remand a case *sua sponte* when it lacks subject matter jurisdiction). Federal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 n. 3 (2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

As a preliminary matter, Ramirez removed this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

The parties dispute whether complete diversity exists. *See* ECF 10 at 3; ECF 11 at 4. Diversity jurisdiction is determined by the citizenship of the parties. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). For purpose of diversity jurisdiction, a limited liability company

3

("LLC") is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For a natural person, she must first be a citizen of the United States, and her "state citizenship is then determined by her state domicile." *Kanter*, 265 F.3d at 858. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "[A] person's old domicile is not lost until a new one is acquired." *Id.* Establishing a new domicile requires the showing of 1) physical presence at a new location, and 2) an intention to remain permanently at the new location. *See id.* The party asserting diversity jurisdiction bears the burden of proof. *See id.* at 749.

Here, the Court finds Ramirez, as the party asserting diversity jurisdiction, has failed to meet his burden to prove complete diversity exists between the parties. First, Ramirez fails to specify Titans Auto's domicile which is fatal to his assertion of diversity jurisdiction. *See Kanter*, 265 F.3d at 858. Additionally, Ramirez fails to prove his domicile is in Nevada. He acknowledges that he was a resident of California. ECF 10 at 2. And although he may be in the process of moving to Nevada, the mere "[being] in the process of moving" to Nevada is not enough to establish domicile in Nevada. *See Lew*, 797 F.2d at 749. Thus, the Court concludes that Ramirez was a citizen of California at the time the lawsuit was filed. Because Plaintiff is also a California LLC and thus a California citizen, the Court finds complete diversity lacking between the parties. *See Kanter*, 265 F.3d at 858.

The parties also dispute the amount in controversy because the complaint does not set forth a specific amount. *See* ECF 10 at 3; ECF 11 at 4; ECF 1 at Page 7. Because Ramirez removed the case to federal court, he has the burden to prove by a preponderance of the evidence that the amount in controversy has been satisfied. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

4

The Court finds that Ramirez has failed to make this showing. Ramirez relies on conclusory allegations that "[Plaintiff's] claim, in aggregate, likely surpass the jurisdiction threshold." ECF 10 at 3. But this is not sufficient under the preponderance standard, especially where Ramirez fails to include any calculation in his response to the Court. As Plaintiff explains, the amount in controversy will not exceed $10,000.00 because it is not seeking attorneys' fees and the amount of controversy is based on a verbal, month to month rental agreement. ECF 11 at 4. Thus, Ramirez fails to show the total amount in controversy exceeds the jurisdictional threshold. Accordingly, the Court finds diversity jurisdiction is lacking. *See Cao v. Autel U.S. Inc.*, No. 22-cv-05301-TLT, 2023 UL 5652000, at *2 (N.D. Cal. Aug. 31, 2023) (finding remand appropriate where defendant failed to provide supporting evidence).

Next, Ramirez argues that the presence of a federal question confers jurisdiction on this Court. ECF 11 at 3-4. Specifically, Ramirez argues that his counterclaims arise under federal law. ECF 11 at 3. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). While violation of his rights under the Fair Housing Act and/or the Civil Rights Act may provide Ramirez with a viable counterclaim against Plaintiff, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim," because such a claim does not appear on the face of the complaint. *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009). Here, the complaint makes no mention of the Fair Housing Act and/or the Civil Rights Act, and Plaintiff's cause of action does not present a federal question. *See id.* (explaining federal question jurisdiction lies "only when the plaintiffs statement of his own cause of action shows that it is based upon [federal law] ... It is not enough that the plaintiff alleges some anticipated defense to his cause of action."); ECF 1.

**IV.   ORDER**

Defendants have failed to meet their burden of showing that removal was proper. The Court

remands the case back to state court based on lack of subject matter jurisdiction.

The Clerk of the Court is ordered to transmit the case to state court and close the file.

**IT IS SO ORDERED.**

Dated:  October 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge